HOPKINS, Respondent, v. HOPKINS, Appellant.

(150 N. W. 293.)

**Divorce—Grounds—"Cruel and Inhuman Treatment"—Words—Provocation—Sufficiency of Evidence.**

While "cruel and inhuman treatment" justifying a divorce may be inflicted by use of spoken words and other indirect conduct, as well as by physical force, yet, where the complaining party to a considerable extent may have brought about the occasion for use of harsh language, a divorce should not be granted, unless the words used were out of all proportion to the acts which might have caused them; and, where one excuse offered by defendant for use of harsh language was that plaintiff neglected her family duties, and some evidence tended to establish this contention, and where much of the trouble and use of the language occurred in relation to property matters, **held,** that the evidence failed to sustain the findings and judgment for divorce.

(Opinion filed December 31, 1914.)

Appeal from Circuit Court, Codington County. Hon. FRANK McNULTY, Judge.

Action by Encie P. Hopkins against Hollace L. Hopkins, for a divorce. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*Sherin & Sherin,* for Appellant.

*Case & Case,* for Respondent.

Appellant cited: Root vs. Root, (Mich.) 32 L. R. A. (N. S.) 837, 130 N. W. 194; Beeler v. Beeler, (S. D.) 14 N. W. 696; McAllister vs. McAllister, 75 N. W. 256; Mosher v. Mosher, (N. D.) 113 N. W. 99; Morrison v. Morrison, (Mich.) 30 N. W. 903.

Respondent cited: Wheeler v. Wheeler, 5 N. W. 689; Preuit v. Preuit, (Nebr.) 129 N. W. 175; Ellison vs. Ellison, (Nebr.) 91 N. W. 403; Root v. Root, (Mich.) 130 N. W. 194; Mozier v. Mozier, (N. D.) 113 N. W. 99.

McCOY, J.   Plaintiff brought this action for divorce, alleging cruel and inhuman treatment on the part of defendant. Defendant appeared and answered, and the issues tried, and findings and judgment were in favor of plaintiff, and defendant appeals, alleging the insufficiency of the evidence to justify the findings and decree.

The vital question presented in this case is whether or not the evidence supports the findings and judgment. The evidence is quite voluminous, and it will serve no useful purpose to reproduce the substance thereof in this opinion. There was no contention on the part of plaintiff that the alleged cruel and inhuman treatment consisted or was the result of physical force used by defendant, but that such treatment consisted and was the result of abusive language applied to plaintiff by defendant. We are not unmindful of the fact that as much cruel and inhuman treatment may be inflicted by the use of spoken words and other indirect conduct as with a club. In a case of this character, where the use of language is urged as a cause of divorce, where it appears that the party complaining may have, to a considerable extent, brought about the occasion for the use of harsh language, a divorce should not be granted, unless the words used are out of all proportion to the acts which might have caused them. In this case we are constrained to the view that neither of the parties was blameless. There is some correspondence in the record which took place between plaintiff and defendant at a time when he was absent from home for some considerable time upon business matters. His letters to her are expressed in kind and affectionate terms; while her letters to him were of a cold and calculating nature. One of the excuses offered by him for the use of harsh language was that she neglected her family duties. There is some evidence which tends to establish his contention.

It appears that both plaintiff and defendant own considerable property; that defendant, before the bringing of this action, transferred to plaintiff property of considerable value. Much of their trouble and the use of the language complained of occurred in relation to property matters. Considering the evidence as a whole and the treatment of each of these parties by the other, we are of the view that the evidence is insufficient to justify the findings and judgment.

The judgment and order appealed from are reversed, and the cause remanded.

WHITING, J., took no part in this decision.